IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AVA REED,[1] | § | |
| | § | No. 47, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN20-03447 |
| CHRIS CHAVEZ, | § | Petition No. 20-16452 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: July 9, 2021
Decided: August 16, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

Upon consideration of the opening brief and the record on appeal, it appears to the Court that:

(1) The appellant ("Grandmother") filed this appeal from the Family Court's order, dated January 13, 2021, that denied Grandmother's petition for third-party visitation. For the reasons discussed below, we affirm the Family Court's judgment.

(2) The appellee ("Father") and the other respondent-below ("Mother") have a child together, who was born in 2010. The appellant is the child's maternal

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

grandmother. The parents have been engaged in litigation concerning custody of the child since 2018. The child has resided with Father since 2017. In September 2020, the Family Court entered a custody order that provided that the parents would have joint legal custody of the child and that the child's primary residence would be with Father. The order further provided that Mother would have visits with the child three Saturdays each month from 10:00 a.m. to 7:00 p.m. and weekly dinner visits each Wednesday from 6:00 p.m. to 8:00 p.m. The order also established a schedule for holiday visits and provided for telephone contact between the child and Mother once daily.

(3)     In August 2020, Grandmother filed a petition for third-party visitation with the child. Mother consented to the visitation, but Father objected. On November 25, 2020, Grandmother, Mother, and Father all appeared for a hearing on the petition; the hearing was held via Zoom because of the COVID-19 pandemic. Grandmother sought to be able to communicate with the child freely at the times and in the form that she chose, and she sought "uninhibited" visits with the child. Father's objections to the petition were varied, but included that Grandmother engaged in hostile and belittling communications with and about him; he believed that Grandmother and Mother had teamed up in an effort for the child to live with Mother, rather than attempting to coparent with him in the child's best interests; Grandmother placed pressure on the child by texting and calling her too often and at

2

inappropriate times; and he had allowed Grandmother to have contact with the child without a court order, and Grandmother could also spend time with the child during Mother's visitation time and did not need additional, court-ordered visitation time.

(4) On January 13, 2021, the Family Court entered an order denying the petition. The court found that the evidence did not support a finding that the child was dependent, neglected, or abused in Father's care.[2] The court also determined that Grandmother did not demonstrate by clear and convincing evidence, as required under 13 *Del. C.* § 2412(a)(2)d, that Father's objection to a visitation order was unreasonable. Among other things, the court emphasized that Grandmother is able to spend time with the child during Mother's visits and that Father has agreed to visits between Grandmother and the child outside of Mother's visitation schedule, without being ordered to do so. The court also determined that Grandmother did not demonstrate by a preponderance of the evidence, as required under 13 *Del. C.* § 2412(a)(2)d, that court-ordered visitation would not substantially interfere with the parent-child relationship. The court determined that Grandmother already has sufficient contact with the child and that Grandmother, through words and actions, interfered with the parent-child relationship by overstepping boundaries and

---

[2] 13 *Del. C.* § 2412(a)(2)b. Grandmother concedes on appeal that she does not contend that the child is not safe in Father's care. Opening Brief at 16.

accusing Father of being unable to protect the child and suggesting that the child is not safe in his care.

(5)     This Court's review of a Family Court decision includes a review of both the law and the facts.[3]  Conclusions of law are reviewed *de novo*.[4]  Factual findings will not be disturbed on appeal unless they are clearly erroneous and justice requires that they be overturned.[5]  The Family Court may not enter a third-party visitation order without finding that visitation would be in the child's best interests.[6]  Moreover, to obtain court-ordered third-party visitation over Father's objection, Grandmother had to either (i) establish that the child was dependent, neglected, or abused in Father's care;[7] or (ii) demonstrate, by clear and convincing evidence, that Father's objection was unreasonable and, by a preponderance of the evidence, that the visitation would not substantially interfere with the parent-child relationship.[8]

(6)     On appeal, Grandmother asserts that the Family Court made incorrect factual findings and erred in its decisions regarding the admissibility of evidence, including by purportedly excluding some of Grandmother's exhibits and accepting exhibits that Father did not submit in a timely fashion.  We review a trial court's

---

[3] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).
[4] *Id.*
[5] *Id.*
[6] 13 *Del. C.* § 2412(a)(1).
[7] *Id.* § 2412(a)(2)b.
[8] *Id.* § 2412(a)(2)d.

4

decision regarding the admission of evidence for abuse of discretion.[9] The Family Court's order describes certain issues relating to the hearing exhibits, including that some were submitted late; the organization of the exhibits was difficult to follow; and the formatting of the exhibits made them difficult to review. But the issues described appear to have related to both Father's and Grandmother's exhibits, and the court's order states that the court reviewed all the exhibits—not just Father's—after the hearing, as the parties agreed. Moreover, the order also indicates that the court excluded only two exhibits from the evidence, and it did so because they were irrelevant to the issues before the court. We find no reversible error in the Family Court's admission of evidence.

(7)     As for Grandmother's contentions regarding the Family Court's factual findings, our ability to review those findings on appeal is constrained by Grandmother's failure to provide a transcript of the hearing.[10] When the determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trier of fact, we will not substitute our opinion for that of the trier of fact.[11] Based on the record before us, we conclude that any error in the trial court's factual findings about which

---

[9] *Delong v. Stanley*, 1997 WL 673713, at *2 (Del. Oct. 9, 1997).

[10] *See Brill v. Lang*, 2021 WL 3523204 (Del. Aug. 10, 2021) ("The record provided to this Court in an appeal must include a transcript of all evidence relevant to the challenged finding or conclusion."); *id.* (stating that the appellant has the burden of submitting a transcript of the hearing to support the claims made on appeal).

[11] *Harris v. Kerr*, 2021 WL 377428, at *2 (Del. Feb. 2, 2021).

Grandmother complains would not result in reversal in this case. Although Grandmother does not enjoy as much contact with the child as she would like, she does have some contact. The Family Court appropriately gave "special weight" to Father's view on visitation and the child's best interests, consistent with parents' "fundamental liberty interests . . . to make decisions concerning the care, custody, and control of their children."[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

_/s/ Karen L. Valihura_
Justice

---

[12] *Grant v. Grant*, 173 A.3d 1051, 1053 (Del. 2017) (citing *Troxel v. Granville*, 530 U.S. 57, 65 (2000)). *See also Jarvis v. Mole*, 2020 WL 6606459 (Del. Nov. 12, 2020) (affirming denial of petition for third-party visitation).